996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
James ROWLAND, Director, California Department of
Corrections, Defendant-Appellee.
 No. 91-15606.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weldon Eugene Wiggins II, a California state prisoner, appeals the district court's dismissal with prejudice of his pro se 42 U.S.C. § 1983 action against Parole Officer D. Daniels, Director James Rowland of the California Department of Corrections and the California Board of Prison Terms. We affirm, in part, reverse, in part, and remand.
 
 
 3
 * Police arrested Wiggins for robbery one day after his discharge from parole. Daniels erroneously filed an absconding charge. Because Wiggins was discharged and no longer under the parole board's jurisdiction, the charge was dropped at his parole hearing.
 
 
 4
 Wiggins filed an in forma pauperis civil rights action. He alleged that Daniels violated his constitutional rights by filing the parole violation hold against him and that prevented his release on bail. He also contends that Director Rowland and the Board were responsible for not realizing Daniels' mistake before the parole hearing. The district court dismissed his civil rights action for failure to state a claim.
 
 II
 
 5
 We review de novo a district court's dismissal of a § 1983 action for failure to state a claim upon which relief may be granted. Bergquist v. County of Cochise, 806 F.2d 1364, 1367 (9th Cir.1986). Dismissal is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (inner quotations omitted).
 
 III
 
 6
 Wiggins sued defendants in their official and individual capacities. To state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived him of a federal right. West v. Atkins, 487 U.S. 42, 48 (1988).
 
 
 7
 A. Official Capacity.
 
 
 8
 A state, its agencies and officials sued in their official capacities are not considered "persons" for purposes of § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Also, the Eleventh Amendment bars federal jurisdiction over actions against state agencies. Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987).
 
 
 9
 The district court properly dismissed Wiggins' claims against all defendants acting in their official capacities.
 
 
 10
 B. Individual Capacity.
 
 
 11
 Wiggins argues that he was injured because the defendants "collectively violated [his] Eighth Amendment Rights" by denying him bail pending trial on the robbery charge.
 
 
 12
 Rowland and the Board members enjoy qualified immunity from personal liability for money damages. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). They are shielded from damage claims so long as their actions do not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." Id. Parole Officer Daniels is entitled to absolute quasi-judicial immunity for conduct arising from supervising parolees. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981).
 
 
 13
 The district court's dismissal, however, appears to have been handled pursuant to 28 U.S.C. § 1915(d), which requires that the action be frivolous. Although Wiggins may be unable to support his claim factually, we cannot say that his action is frivolous upon the face of his complaint. We reverse the district court's dismissal of Wiggins' action as it related to the defendants in their individual capacities.
 
 
 14
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3